IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DARIN CYPHERS | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. |
| | § | **3-10CV2589-P** |
| TEXAS COMPETITIVE ELECTRIC | § | JURY TRIAL DEMANDED |
| HOLDINGS COMPANY, LLC d/b/a | § | |
| TXU ENERGY | § | |

## ORIGINAL COMPLAINT

### JURISDICTION

1. The jurisdiction of this Court attains pursuant to the Fair Credit Reporting Act, 15 U.S.C. §1681(p) ("FCRA") afor which jurisdiction is proper in this Court. Venue lies in the Dallas Division of the Northern District of Texas as Plaintiff's claims arose from acts of the Defendant perpetrated therein.

### PARTIES

2. Plaintiff, Darin Cyphers, is a natural person who resides in Tarrant County, Texas and is a "consumer" as defined by 15. U.S.C. §1681a(c) of the FCRA. Plaintiff is a resident and citizen of the State of Texas.

3. Defendant, Texas Competitive Electric Holdings Company, LLC d/b/a TXU Energy, is a corporation organized under the laws of the State of Delaware, registered to conduct business in Texas and may be served with process by serving its registered agent for service of process: CT Corporation System, 350 N. St. Paul St., Suite 2900, Dallas, Texas 75201.

### FACTUAL ALLEGATIONS

4. Plaintiff does not owe the alleged account reported by TXU Energy on Plaintiff's credit report.

5. Plaintiff has disputed this report, in writing, on numerous occasions with each credit reporting agency and directly with TXU Energy.

6. Defendant repeatedly verified the false report of the alleged debt.

7. Despite the written dispute, the inaccurate debt continued to be reported on Plaintiff's credit report.

8. Defendant refused to request deletion of the account from Plaintiff's credit report.

## CAUSES OF ACTION

## COUNT I

9. Plaintiff realleges and incorporates paragraphs 1 through 8 above as if fully set out herein.

10. TXU Energy violated the Fair Credit Reporting Act, 15 U.S.C.§1681s-2(b) by publishing the TXU Energy account representation within Plaintiff's credit file with one or more credit reporting agencies without also including a notation that this debt was disputed; by failing to fully and properly investigate the Plaintiff's dispute of the TXU Energy representation; by failing to review all relevant information regarding same; by failing to correctly report results of an accurate investigation to each credit reporting agency; and by failing to permanently and lawfully correct its own internal records to prevent the reporting of the TXU Energy representations to the consumer reporting agencies.

11. TXU Energy violated the Fair Credit Reporting Act §1681s-2(a)(3) by failing to report on Plaintiff's credit report that the debt was disputed.

12. Defendant violated The Fair Credit Reporting Act, 15. U.S.C.§1681c(a)(4) by reporting a debt which antedates the report for approximately 10 years.

13. As a result of this conduct, action and inaction of TXU Energy, the Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, the mental and emotional pain and anguish and the humiliation and embarrassment of credit denials.

14. TXU Energy's conduct, action and inaction was willful, rendering it liable for actual or statutory and punitive damages in an amount to be determined by the Court pursuant to 15

U.S.C.§1681n. In the alternative, it was negligent, entitling the Plaintiff to recover actual damages under 15 U.S.C.§1681o.

15. The Plaintiff is entitled to recover costs and attorney fees from TXU Energy in an amount to be determined by the Court pursuant to 15 U.S.C.§1681n and §1681o.

### COUNT III

16. Plaintiff realleges and incorporates paragraphs 1 through 15 above.

17. Pursuant to Tex. Fin.Code §392.404, the Defendant's violations of the Texas Debt Collection Practices Act also constitute a deceptive trade practice, Subchapter E, Chapter 17, Business and Commerce Code ("DTPA"), and is actionable under that chapter.

18. The foregoing acts and omissions were undertaken on behalf of the Defendant by its respective officers, agents, or employees acting at all times relevant hereto within the scope of that relationship.

19. The foregoing acts and omissions of the Defendant were undertaken wilfully, intentionally, knowingly, and/or in gross disregard of the rights of the Plaintiff.

20. The foregoing acts and omissions of the Defendants were undertaken indiscriminately and persistently, as part of its regular and routine collection efforts, and without regard to or consideration of the identity of rights of the Plaintiff.

21. By reason of the allegations in this petition, the Texas Debt Collection Practices Act and Fair Credit Reporting Act, , Plaintiff is entitled to recover attorney's fees in a sum that is reasonable in relation to the amount of work expended for which Plaintiff sues herein. The attorney whose name is subscribed to this pleading has been employed to assist Plaintiff in the prosecution of this action.

Defendant has violated §392.301 & 392.304 by their actions as described in this complaint.

WHEREFORE, your Plaintiff demands judgment for compensatory and punitive damages against Defendant; for his attorney fees and costs; for pre-judgment and post-judgment interest at the

legal rate, and such other relief the Court does deem just, equitable and proper.

**TRIAL BY JURY IS DEMANDED.**

Respectfully submitted,

*Sharon Campbell*
Sharon K. Campbell
State Bar # 03717600
3100 Monticello Ave., Suite 500
Dallas, Texas 75205
Telephone: 214/351-3260
Fax: 214/378-6670
Sharon@SharonKCampbell.com

ORIGINAL COMPLAINT                                                                 4

JS 44 (TXND Rev. 2/10)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Darin Cyphers

### DEFENDANTS
Texas Competitive Electric Holdings Company, LLC d/b/a TXU Energy

(b) County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

RECEIVED DEC 20 2010 CLERK, U.S. DISTRICT COURT NORTHERN DISTRICT OF TEXAS

(c) Attorney's (Firm Name, Address, and Telephone Number)
Sharon K. Campbell
3100 Monticello Ave., Suite 500, Dallas, Texas 75205
214-351-3260

Attorneys (If Known)

3-10CV2589-P

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / PERSONAL PROPERTY | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | / ☐ 371 Truth in Lending | LABOR | SOCIAL SECURITY | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☒ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| REAL PROPERTY | CIVIL RIGHTS / PRISONER PETITIONS | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | FEDERAL TAX SUITS | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / Habeas Corpus: | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | / ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty | IMMIGRATION | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | / ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 446 Amer. w/Disabilities - Other / ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |
| | ☐ 440 Other Civil Rights | | | |

## V. ORIGIN (Place an "X" in One Box Only)
☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.C. 1681 Fair Credit Reporting Act
Brief description of cause:
Reporting of accounts which are not accurate and past the allowed time for reporting

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) PENDING OR CLOSED:
(See instructions)
JUDGE _____  DOCKET NUMBER _____

DATE: 12/20/2010
SIGNATURE OF ATTORNEY OF RECORD: Sharon Campbell

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____